Yael Lerman, Esq.(California Bar # 281311)
ylmazar@gmail.com
6505 Wilshire Boulevard
Los Angeles CA 90048
Tel. 310-836-6140

**FEE PAID**

FILED
CLERK, U.S. DISTRICT COURT

AUG - 4 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

2: 22-CV-05514- SB (PVCx)

| | |
|---|---|
| United States ex rel. GNGH2 Inc. | ) Case No.:._____ |
| Plaintiff, | ) COMPLAINT UNDER THE FALSE ) CLAIMS ACT |
| vs. | ) |
| XLD CENTURY LLC and XLD GROUP LLC, | ) ) ) |
| Defendant(s) | ) |

Plaintiff-Relator, complaining of the Defendants by its attorney respectfully sets forth and alleges as follows:

**I.    Nature of the Case**

1.    This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendant fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility.  As set forth in more detail below, second-round PPP funding is barred to entities which are owned or directed by companies out of the People's Republic of China including the Special Administrative Region of Hong Kong.

## II.      Parties

2.      Defendant XLD CENTURY LLC ("XLD CENTURY") is a California limited liability company with primary place of business in Los Angeles, California.  XLD CENTURY operates the LAX Marriott hotel.

3.      Defendant XLD GROUP LLC ("XLD GROUP") is a California limited liability company with a primary place of business in Torrance, California.  XLD GROUP operates the Torrance Marriott hotel.

4.      The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principle office in the State of New Jersey, County of Bergen.

## III      Compliance with Requirements of Suit

5.      This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

6.      Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed.  Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

## IV.      Jurisdiction and Venue

7.      This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business.  In this case, the Defendants operate hotels in this district.

## V.    Background

8.    Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

9.    In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

10.    All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

11.    The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

12.    The CARES Act was subsequently amended to provide for a second round of disaster funding.  Significantly, an applicant is ineligible for such funding if is directed or owned out of either the Peoples' Republic of China or the Special Administrative Region of Hong Kong.

13.    The Defendants in this matter both operate hotels.  They received second round disaster relief as follows:

| Name | Date | Loan Number | Amount | Forgiven |
|------|------|-------------|--------|----------|
| XLD Century | 3/30/2021 | 2613428708 | $2,000,000 | 12/15/2021 |
| XLD Group | 5/18/2021 | 2870209001 | $2,000,000 | 1/6/2022 |

14.    Thus, on or about the above dates, Defendants completed Form 2483-SD which required them to certify as follows:

The Applicant is not a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China or the Special Administrative

Region of Hong Kong, or that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China

15.    This certification was false when made as set forth below.

16.    At all times relevant to this matter, the Defendants were wholly owned subsidiaries of Sichuan Xinglida Group Enterprises which is a PRC real estate investment company based in Sichuan, People's Republic of China.

17.    Thus, Defendants made a fraudulent representation when they completed form 2483-SD.

18.    As a result of these statements, the Defendants received substantial funds to which they would not otherwise have been entitled.

**VI.    (Count I)  Violation of the False Claims Act**

19.    The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

20.    The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.*,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

21.     Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

**VII.     Relief Sought**

22.     On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

24.     The Defendants received $4,000,000 in disaster relief as a result of the certifications set forth above.

25.     Accordingly, Relator seeks judgment in the amount of $12,000,000 against the Defendant and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.


Respectfully submitted,


Yael Lerman, Attorney for Relator
GNGH2 Inc.

6505 Wilshire Boulevard
Los Angeles CA 90048
Tel. 310-836-6140

Dated: Los Angeles, CA
         August 3, 2022



**Express**

**Extremely Urgent**



**Extremely Urgent**

Visit **UPS.com**

**Apply shipping documents on this side.**

Scan QR code to
schedule a pickup

**Domestic Shipments**
- To qualify for the letter rate, UPS Express® envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express envelopes containing items other than those listed or weighing more than 8oz. will be billed by weight.

**International Shipments**
- The UPS Express envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

- To qualify for the letter rate, the UPS Express envelope must weigh 8 oz. or less. UPS express envelopes weighing more than 8 oz. will be billed by weight.

**Note:** UPS Express envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

This envelope is for use with the following services:

**UPS Next Day Air®**
**UPS Worldwide Express®**
**UPS 2nd Day Air®**

Do not use this envelope for:

**UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**



**Window Envelope**
Use this envelope with shipping documents printed from a laser or inkjet printer on plain paper. Insert shipping documents under window from the top.


100% Recycled Fiber 80% Post-Consumer

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

Serving you for more than 110 years
United Parcel Service.®

  

For information about UPS's privacy practices or to opt out from the sale of personal information, please see the UPS Privacy Notice at www.ups.com
0101951033  04/21   PAC   United Parcel Service