UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States ex rel. GNGH2, | ) | Case No. 2:22-cv-05514-SB(PVCx) |
| | ) | |
| Plaintiff-Relator, | ) | **Joint Rule 26 Report** |
| | ) | |
| v. | ) | Complaint Filed: August 4, 2022 |
| | ) | |
| XLD Century LLC and XLD GROUP LLC, | ) ) | Answer Filed: October 5, 2023 |
| | ) | Proposed Trial Date: May 8, 2024 |
| Defendants. | ) | |
| _____ | ) | |

The parties jointly, by and through their counsel of record, hereby submit this Rule 26(f) report pursuant to the Court's instructions:

**(1)   Subject Matter Jurisdiction**

Plaintiff invokes the Court's federal question jurisdiction as Plaintiff asserts claims which arise under Federal Law, specifically the False Claims Act 31 U.S.C. 3729 et seq.  Defendants agree that there exists Federal subject matter jurisdiction.

**(2)   Statement of the Case**

Plaintiff's Position:

This matter is a *qui tam* proceeding arising from the Peoples' Republic of China exclusion from eligibility for second-round PPP COVID disaster relief.  More specifically, Plaintiff alleges that the Defendants operate hotels in California; that they are the subsidiaries of XLD Group, a real estate company out of the People's Republic of China ("PRC"); that the relief program at issue (second-draw PPP) made subsidiaries of PRC entities ineligible; and that the application forms for this program required applicants to explicitly certify that they are not the subsidiaries of PRC entities.  Plaintiff alleges that as a result of the Defendant's certifications, the

Defendants received $4,000,000 in forgiven COVID disaster relief to which they would not otherwise have been entitled.

Defendant's Position

The Relator is not a proper qui tam relator in that all relevant information is in the news media, and its claim is barred by the public disclosure defense. The Relator cannot prove falsity of Defendants' eligibility statement, as the statute is vaguely written and may be and so interpreted in a manner to allow Defendants, which own certain Marriott hotels operated by Marriott Management in California, eligibility for the relief.2

**(3)    Damages / Insurance**

Plaintiff's Position

Under the law, damages are equal to the government's loss multiplied by 3 plus $5000. *See* 31 U.S.C. Section 3729(a)(1).  Here, each Defendant received a $2,000,000 loan which was forgiven by the government.  Additionally, the processing charges were 3% which is $60,000.  Thus, the total damages for each defendant is 3 multiplied by $2,060,000 plus $5,000 or $6,185,000.  Accordingly, the total damages sought are $12,370,000.  In the event Plaintiff prevails, Plaintiff will also seek costs and fees.

Defendant's Position:

Relator should be awarded nothing, and Defendants seek costs and fees.

**(4) Parties & Witnesses**

Plaintiff's Position

The parties to this matter are the Plaintiff, GNGH2, Inc.; the Defendants, XLD Century LLC and XLD Group LLC.  GNGH2 has no corporate parents or subsidiaries.

The key witnesses are the Defendants themselves (by whomever was responsible for the loan applications); and the lender which appears to be Umpqua Bank. Additionally, the Small Business Administration ("SBA") may be a witness in this matter. Umpqua bank is believed to be in position of the applicable forms 2483-SD, i.e. the application forms for the disaster relief at issue.

Defendant's Position

Plaintiff has not identified in its initial disclosure (served on October 9, 2023) any witnesses concerning any of the claims asserted in the complaint. Defendants are serving formal discovery.

**(5) Discovery**

The parties have agreed to serve Rule 26 disclosures on or before October 23, 2023 and initial discovery requests no later than November 3, 2023. The parties do not currently anticipate seeking modifications on discovery. The parties agree to adhere to the discovery limitations outlined in the Federal Rules of Civil Procedure. No discovery disputes have been identified at this time. The parties have agreed that discovery requests, discovery responses, and other interlocutory documents may be served by electronic mail.

**(6)    Legal Issues**

Plaintiff's Position

The central legal issue in this matter is whether the American subsidiary of a PRC entity is eligible for second-round PPP disaster relief.

Defendant's Position

The relator is not a proper qui tam relator since the relevant information was in news media and available to public. There was no fraudulent statement that violates False Claims Act.

**(7)    Motions**

The parties contemplate a motion and cross-motion for summary judgment.

**(8)    ADR**

There have been no settlement discussions in this matter.  The parties agree that settlement discussions at this time are unlikely to be productive.  If there is to be an ADR proceeding, the parties would prefer mediation before the magistrate judge.  Plaintiff notes that any settlement would have to be approved by the United States. Defendant notes that the approval of the government, which has declined to intervene in this case, is not necessary for settlement.

**(9)    Trial**

The parties propose May 8, 2024 as the trial date in this matter, which is 10 months from the original answer date of September 5, 2024.  Plaintiff's position is that while the factual and legal issues in this matter are relatively straightforward, the matter may require input from the U.S. Attorney's office as well as discovery from third party lender(s) and/or the SBA. Defendants do not agree that this matter will require input from the government, which has declined to intervene in this matter.

The parties estimate that any trial will require less than a single day.  Each side anticipates calling no more than 4 witnesses.

Both parties agree to a bench trial.

The parties do not agree to trial by magistrate judge.

Plaintiff's trial counsel will be David Abrams.

Defendant's trial counsel will be Dana Moon.

**(10)   Other Issues**

None.

/s/ David Abrams

David Abrams, Attorney at Law
Attorney for Plaintiff-Relator
PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@wjlf.org

Dated: October 16, 2023
Delhi, New York


MOON & DORSETT, PC

by:_____

Dana Moon, Esq. (Bar No. 185154)
wk@moondorsett.com
445 S. Figueroa Street, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 380-1526

Dated: October 9, 2023
Los Angeles, CA