```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
       HONORABLE STANLEY BLUMENFELD, JR., U.S. DISTRICT JUDGE
_____

GNGH2, INC.                    |
                               |
            Plaintiff,         |
                               |
VS.                            | No. 22-CV-5514-SB(PVCX)
                               |
XLD CENTURY, LLC ET AL         |
                               |
            Defendant.         |
_____
```

REPORTER'S TRANSCRIPT OF SCHEDULING CONFERENCE

LOS ANGELES, CALIFORNIA

FRIDAY, NOVEMBER 17, 2023

8:30 A.M.

_____

APRIL LASSITER-BENSON, RPR
FEDERAL OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
350 WEST 1ST STREET, ROOM 4455
LOS ANGELES, CALIFORNIA 90012
(213)894-3539

UNREDACTED TRANSCRIPT

```
 1                    - A-P-P-E-A-R-A-N-C-E-S -

 2

 3

 4    For the Plaintiff:

 5                              MR. DAVID N. ABRAMS
                                DAVID ABRAMS LAW OFFICES
 6                              PO BOX 3353 CHURCH STREET STATION
                                NEW YORK, NY 13753
 7                              (212)897-5821
                                dnabrams@wjlf.org
 8

 9

10

11

12    For the Defendant, XLD Century, LLC:

13                              MS. DANA M. MOON
                                MOON AND DORSETT, PC
14                              445 S. FIGUEROA STREET
                                SUITE 2900
15                              LOS ANGELES, CA 90071
                                (213)380-1526
16                              wk@moondorsett.com

17

18

19

20

21

22

23

24

25
                          UNREDACTED TRANSCRIPT
```

```
 1                FRIDAY, NOVEMBER 17, 2023; 8:30 A.M.
 2                     LOS ANGELES, CALIFORNIA
 3       ---------------------------------------------------
 4            THE COURTROOM DEPUTY:  Calling Item 2, Case
 5   No. 22-CV-5514, GNGH2 vs. XLD Century, LLC, et al.
 6            Counsel, your appearance, starting with
 7   plaintiff.
 8            MR. ABRAMS:  Good morning, Your Honor.  David
 9   Abrams here on behalf of Plaintiff/Relator.
10            THE COURT:  May I have an appearance, please?
11            MS. MOON:  Good morning, Your Honor.  Dan moon
12   on behalf of the defendants.
13            THE COURT:  This is here for a mandatory
14   scheduling conference.  The complaint was filed in this
15   case, am I correct, in August of 2011.  Is that a
16   mistake?
17            MR. ABRAMS:  If I said that, it was a mistake,
18   Your Honor.
19            THE COURT:  When was the case filed?
20            MR. ABRAMS:  In 2022.
21            THE COURT:  And the defense has
22   answered -- counsel, why don't you take to the lecturn,
23   if you would, please.
24            And the Government has had an
25   opportunity to consider the intervention and the
```

1  Government has declined; is that correct?

2  **MR. ABRAMS:** That's correct, Your Honor.

3  **THE COURT:** Am I correct that the amount at
4  issue in terms of the loans, putting aside any penalties,
5  is approximately $4 million?

6  **MR. ABRAMS:** That's correct, Your Honor.

7  **THE COURT:** And is the focus, whether the
8  defendants were eligible with the second round of PPP
9  loans, to obtain those loans, given the Chinese interest
10 in the underlying hotels?

11 **MR. ABRAMS:** Essentially, yes, Your Honor.

12 **THE COURT:** Tell me, what if any, fact
13 disputes do you see in this case? And then I'll hear
14 from the defense as well, because they might have a
15 different perspective.

16 **MR. ABRAMS:** From my perspective, from
17 Relator's perspective, Your Honor, there should be very
18 little in the way of disputes. I don't know what they
19 intend to challenge. It's difficult for me to answer
20 that question. But from my perspective, the basic
21 facts -- none of the basic facts should be disputed.

22 **THE COURT:** And I'll hear from the defense in
23 a moment. But that doesn't surprise me, because based
24 upon my review of the joint status report, it appears
25 that perhaps there are more questions of law and

1    statutory clarity, as opposed to what the facts are.  But
2    I'll defer that to defense counsel.
3            The parties are requesting a bench trial
4    on May, I think you said 8th of 2024, but we start
5    on Monday, so it will be on May 6th.  That is the
6    plaintiff's request; is that correct?
7            **MR. ABRAMS:**  Well, I have something else on
8    that day, so ...
9            **THE COURT:**  All right.  Well, we'll see if you
10   could file something if the case doesn't resolve.  Since
11   this is likely to be a one-day bench trial, the Court
12   probably will have a little flexibility.  But I'm going
13   to set it on the Court's date, not your date, but if it
14   turns out that -- what is the conflict that you have,
15   counsel?
16           **MR. ABRAMS:**  I have a hearing before the State
17   Division of Human Rights in New York on that day.
18           **THE COURT:**  All right.  And you're requesting
19   to come in on a Wednesday instead of the Monday?
20           **MR. ABRAMS:**  If -- yes, Your Honor.  I mean,
21   unfortunately, I don't have my calendar in front of me.
22           **THE COURT:**  Well, that's what you've indicated
23   to the Court so I'm going to assume you're available on
24   that date.
25           **MR. ABRAMS:**  On the 8th, yes, sir.

| | |
|---|---|
| 1 | **THE COURT:** I'm going to set it on the 6th, |
| 2 | but with an understanding that I'm going to accommodate |
| 3 | your trip to New York, if it still holds by then, and, of |
| 4 | course, if it appears this case is going to trial, |
| 5 | because once in a while cases resolve. |
| 6 | Have you had a discussion with defense |
| 7 | counsel about resolving this case? |
| 8 | **MR. ABRAMS:** We've touched on the issue of |
| 9 | settlement discussions and it seems -- it appears that |
| 10 | from their perspective it's a no-pay case, so, I mean, |
| 11 | probably the question's better addressed to defendant's |
| 12 | counsel. |
| 13 | **THE COURT:** All right. And I'm not looking |
| 14 | for too much of a preview on the anticipated summary |
| 15 | judgment motion. But just give me your perspective very |
| 16 | briefly, in 30 seconds, if you can, about the public |
| 17 | disclosure issue. |
| 18 | **MR. ABRAMS:** On the public -- there's really |
| 19 | two issues there, Your Honor. First of all, as the Court |
| 20 | is probably aware, the Government can remove the issue. |
| 21 | And that might very-well happen here. Additionally, the |
| 22 | public disclosures, I haven't seen what they say, the |
| 23 | public disclosures. I would question whether it's |
| 24 | actually news media as set forth in the statute. |
| 25 | **THE COURT:** And the second issue? |

| | |
|---|---|
| 1 | **MR. ABRAMS:** Those are the two. So, in other |
| 2 | words, it's not clear if it's news media. Also, the |
| 3 | Government -- the United States might simply decide that |
| 4 | that's not going to be an issue in this case. |
| 5 | **THE COURT:** All right. I characterize that as |
| 6 | one, but I understand your breakdown. |
| 7 | All right. Let me go ahead and hear |
| 8 | from defense counsel. Thank you. |
| 9 | Incidentally, the parties didn't |
| 10 | indicate whether they would agree to proceed before |
| 11 | a magistrate judge for all purposes. Did you have a |
| 12 | discussion with plaintiff's counsel? |
| 13 | **MS. MOON:** For the purposes of mediation, but |
| 14 | not trial. |
| 15 | **THE COURT:** All right. So, did you have a |
| 16 | discussion with plaintiff's counsel concerning presiding |
| 17 | for all purposes, which is one of the requirements that |
| 18 | the parties have to disclose to the Court in the joint |
| 19 | status report? I didn't see that in your report. Did |
| 20 | the parties meet and confer about that? |
| 21 | **MS. MOON:** No, we have not, Your Honor. |
| 22 | **THE COURT:** I'm going to order you to meet and |
| 23 | confer and file a supplemental report with regard to your |
| 24 | respective positions, letting me know that you have, in |
| 25 | fact, met and conferred as well, not with just each other |

| | |
|---|---|
| 1 | but you've actually spoken to your client and had a |
| 2 | discussion about it.  And so, you'll file that by the |
| 3 | 22nd.  And that will just be a joint supplement to your |
| 4 | report. |
| 5 | You're also requesting a bench trial |
| 6 | for, and agree to my May 8th; is that correct? |
| 7 | **MS. MOON:**  Yes, Your Honor. |
| 8 | **THE COURT:**  All right.  I'm going to set it as |
| 9 | I said, for May 6th.  But the parties should be in |
| 10 | communication, because if the plaintiff does need to |
| 11 | continue for his commitment, I will seriously consider if |
| 12 | I can accommodate trailing it for a couple days to |
| 13 | accommodate his schedule. |
| 14 | And very briefly, have you had any |
| 15 | discussion with the Government as to whether it |
| 16 | would waive the public disclosure issue? |
| 17 | **MS. MOON:**  With the plaintiff, the Relator, |
| 18 | Your Honor? |
| 19 | **THE COURT:**  With the Government. |
| 20 | **MS. MOON:**  I have not. |
| 21 | **THE COURT:**  So you've not been in contact with |
| 22 | the Government at all with respect to this case? |
| 23 | **MS. MOON:**  That's correct, Your Honor. |
| 24 | **THE COURT:**  And very briefly, I'll give you an |
| 25 | opportunity.  Tell me what the extent of public |

1    disclosure there was.  And this needs to be brief.  I
2    have a lot of people in the audience.
3             **MS. MOON:**  At least, there was an article in
4    the Los Angeles Times and Daily Breeze, that would
5    constitute news media as defined by the statute.
6             **THE COURT:**  And was your clients actually
7    identified in connection with the LA Times and the Daily
8    Breeze articles?
9             **MS. MOON:**  Yes, Your Honor.
10            **THE COURT:**  All right.  Is there anything that
11   you wish to address with the Court concerning scheduling
12   before I conclude this matter, counsel?
13            **MS. MOON:**  No, Your Honor.
14            **THE COURT:**  All right.  This matter is
15   concluded and the Court will issue a case management
16   order that sets this matter for an agreed upon bench
17   trial on May 6th of next year.
18             Thank you, counsel.
19            **MS. MOON:**  Thank you, Your Honor.
20            (WHEREUPON, the foregoing proceedings were
21            adjourned at 8:53 a.m.)
22                    (Adjournment).
23
24
25

```
 1
 2              C E R T I F I C A T E
 3       I, April Lassiter-Benson, do hereby certify that the
 4   foregoing 9 pages are, to the best of my knowledge, skill
 5   and ability, a true and accurate transcript from my
 6   stenotype notes in the matter of:
 7
 8   GNGH2
 9   vs.
10   XLD CENTURY, LLC. ET AL
11
12       Dated this 5th  day of December, 2023.
13
14   S/APRIL LASSITER-BENSON
     Official Court Reporter
15   United States District Court
     Central District of California
16
17
18
19
20
21
22
23
24
25
```