UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States ex rel. GNGH2 Inc.<br><br>Plaintiff,<br><br>vs.<br><br>XLD CENTURY LLC and XLD GROUP LLC,<br><br>Defendant(s) | Case No.:. 2:22-cv-05514-SB(PVCx)<br><br>**Affirmation of David Abrams in Support of Motion for Deviation from Summary Judgment Procedures** |

David Abrams hereby certifies under penalty of perjury that the following is true and correct.

1. I am attorney for the Plaintiff in this matter and I am familiar with the facts herein. I make this affirmation in support of Plaintiff's motion to (1) file an extra motion for partial summary judgment on short notice; and (2) have the parties be permitted to file separate (joint) summary judgment motions.

2. As set forth in more detail below, it would appear that (1) a grant of partial summary judgment on short notice would allow the cancellation of the January 22, 2024 deposition of the United States Small Business Administration ("SBA") as to matters which I believe are not controversial; and (2) given that the parties' main summary judgment motions are on very different issues, it would be appropriate to have two separate joint motions.

Affirmation - 1

3. By way of background, this is a qui tam matter under the False Claims Act. Plaintiff alleges that the Defendant hotel operators fraudulently obtained approximately $4 million in COVID disaster relief under a disaster relief program which bars eligibility to American subsidiaries of companies out of the People's Republic of China ("PRC"). Relator alleges that the Defendants are subsidiaries of Sichuan Singlida, a PRC real estate company.

## I. Failure to File a Joint Motion

4. When I had the meet and confer regarding this motion and related issues on the afternoon of December 18, 2023, Defendants' counsel advised me that she intended to leave for her pre-planned 17-day vacation the next day.

5. I should note that although I was aware that counsel had a pre-planned vacation, the previous week the only times she had offered me for a meet and confer were Sunday, December 17 at 2pm and Monday, December 18 at 2pm.

6. In any event, during the meet and confer I advised counsel that I would very promptly send her a draft of a joint motion so that she would have time to prepare her insert for the joint motion. Counsel advised me, in substance, that if she did not submit an insert, I should advise the Court that it was due to her vacation plans.

7. Approximately an hour after the meet and confer ended (at 3:40pm Pacific Time / 6:40 Eastern Time) I sent counsel a set of draft motion papers with a space for counsel to insert the Defendants' position.

8. Since then, I have not heard back from counsel despite advising her that pursuant to the Local Rules I intended to wait 7 days before filing.

9. Accordingly, given that (1) the SBA deposition is scheduled for January 22, 2024; and (2) summary judgment deadlines are effectively much sooner than that, I am filing this application sooner rather than later and respectfully requesting that the Court consider it with due deference for the vacation.

10. I sincerely apologize if the Court believes that I am jumping the gun on this, however I am mindful of the rapidly approaching deadlines in this matter and the Court's requirement that the parties be diligent if extensions of those deadlines need to be requested.

## II. The Proposed Motion for Partial Summary Judgment

11. In the course of preparing this matter, I sought discovery from the U.S. Small Business Administration ("SBA") as to a few issues which I do not expect to be controversial: The amount of processing fees involved; the fact that the application forms in question contain a certification regarding PRC ownership ("PRC Certification"); the fact that the application form is a required part of the

process; and the fact that in the absence of a PRC Certification, an applicant would not be considered eligible for the disaster relief in question.

12.   In connection with this discovery, the SBA provided me with an affirmation, a copy of which is included for the Court's reference (the "SBA Affirmation").  I received the SBA Affirmation on December 8, 2023.  A copy of the SBA Affirmation is included with my submission.

13.   After obtaining the SBA Affirmation, I sent a copy to Defendants' counsel and asked if the Defendants would waive any objections to its admissibility at trial.  I made this request because the SBA Affirmation is arguably subject to a potential hearsay objection.

14.   Defendants' counsel declined to agree to this request as to most of the SBA Affirmation and thus there is a live deposition of the SBA scheduled for January 22, 2024.

15.   I should also note that I tried to resolve this issue with opposing counsel by means of a stipulation; requests for admission; and, of course, our meet and confer which took place on December 18, 2023.

16.   None of these efforts resolved the problem.  I am happy to provide the details of this back and forth should the Court require them.

### III. The Proposed Separate Joint Motions

17. Additionally, in our meet and confer, Defendants' counsel and I discussed the issue of our main motions for summary judgment.

18. Based on that conversation, it would appear that the bases of the parties' proposed summary judgment motions are very different: I intend to move on the traditional elements of a False Claims Act claim: falsity, scienter, materiality, causation, and damages; Defendants intend to move primarily on the public disclosure issue.

19. Accordingly, I believe it would make sense to have two separate joint motions, the first on the traditional elements and the second on public disclosure. (In the first motion, Defendants would of course be free to cross-move on their argument that the statutory language and certification language apply to subsidiaries not parents.)

20. Defendants' counsel seems to be in agreement with this approach provided that she can have extra time to respond to my initial papers. I agreed to extend the 2 weeks provided for in the Court's Summary Judgment Order to 3 weeks. (Defendants' counsel wanted 4 weeks instead of 3; I have no objection to this although it might require a small adjustment of the motion deadline. Defendants' counsel also gave some indication that she may want to cross-move on

the falsity issue; I believe that this naturally would fit in with my main motion for summary judgment.)

**V.    Conclusion**

21.    Accordingly, I am respectfully requesting that the Court permit deviations from its normal summary judgment procedures as set forth herein.

I certify under penalty of perjury that the foregoing is true and correct. Executed on December 25, 2023

_____