UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| United States ex rel. GNGH2, | ) | Case No. 2:22-cv-05514-SB(PVCx) |
|---|---|---|
| Plaintiff-Relator, | ) | **Joint Appendix of Facts** |
| v. | ) | |
| XLD Century LLC and XLD GROUP LLC, | ) | |
| Defendants. | ) | |

The parties jointly, by and through their counsel of record, hereby submit this Joint Appendix of Facts in connection with the parties' motions for summary judgment.

| SUF # | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| **PLAINTIFF'S APPENDIX OF FACTS** <br> **I. Background: The Defendants** | | | |
| 1 | Defendant XLD Group LLC ("XLD Group") is a California LLC | Complaint ¶ 3 [JAE Ex. B], Answer ¶ 1 [JAE Ex. C] | Undisputed. |
| 2 | Defendant XLD Group *operates* the Torrance Marriott Hotel. | Complaint ¶ 3 [JAE Ex. B], Answer ¶ 1 [JAE Ex. C]; Zhang Dep. 25:12-14 [JAE Ex. E] | Objection. Immaterial as to who "operates" the hotel. Disputed that XLD Group "*operates*" the |

|   |   |   |   | Torrance Marriott Hotel. It "owns" the hotel, which is "operated by Marriott Management." (Zhang Depo. 25:12-14; 26:10-16, Ex. 4; Answer 2:13-15, Ex. C) |
|---|---|---|---|---|
| 3 | Defendant XLD Century LLC ("XLD Century") is a California LLC | Complaint ¶ 2 [JAE Ex. B], Answer ¶ 1 [JAE Ex. C] | | Undisputed. |
| 4 | Defendant XLD Century *operates* the LAX Marriott Hotel. | Complaint ¶ 2 [JAE Ex. B]; Answer ¶ 1 [JAE Ex. C]; Zhang Dep. 25:9-11 [JAE Ex E] | | Objection. Immaterial as to who "operates" the hotel. Disputed that XLD Group "*operates*" the Torrance Marriott Hotel. It "owns" the hotel, which is "operated by Marriott Management." (Zhang Depo. 25:9-12, 26:10-16, Ex. 4; Answer 2:13-15, Ex. C) |
| **II. Background:  The PPP Loans** | | | | |
| 5 | In 2021, XLD Group received a forgivable second-draw PPP loan (loan number 28702090021) in the amount of $2,000,000 which was forgiven on | Complaint ¶ 13 [JAE Ex. B], Answer ¶ 1 [JAE Ex. C]; Zhang Dep. 34:9-20, Ex. 2. [JAE Ex E, F] | | Undisputed. |

| | | | | |
|---|---|---|---|---|
| | | January 6, 2022 (the "XLD Group Loan") | | |
| | 6 | In 2021 XLD Century received a forgivable second-draw PPP loan (loan number 2613428708) in the amount of $2,000,000 which was forgiven on December 15, 2021 (the "XLD Century Loan") | Complaint ¶ 13 [JAE Ex. B]; Answer ¶ 1 [JAE Ex. C]; Zhang Dep. Ex. 3 and 50:25-51:7. [JAE Ex. E, G] | Undisputed. |
| | 7 | A requirement to receive a second-draw PPP loan is that the borrower must complete and submit Form 2483-SD (the "Application Form") | SBA Aff. ¶ 5 [JAE Ex. D]; Zhang Dep. 34:9-12 [JAE Ex E] | Undisputed. |
| | 8 | The Application Form contains a number of certifications which must be initialed by the borrower, stating:<br><br>The authorized representative of the Applicant must certify in good faith to all of the below by initialing next to each one:. | Zhang Dep. Ex. 2, 3 [JAE Ex. F, G]; Zhang Dep. 33:16-21, 50:25-51:7 [JAE Ex. E]; SBA Aff. ¶ 6 [JAE Ex. D]. | Undisputed. |
| | 9 | One of the certifications which must be initialed by the borrower (the "PRC Certification") states as follows:<br><br>The Applicant is not a business concern or entity (a) for which an entity created in or organized under the laws of the | SBA Aff. ¶ 6 [JAE Ex. D]; Zhang Dep. Ex. 2, 3 [JAE Ex. F, G]; Complaint ¶ 14 [JAE Ex. B], Answer ¶ 4 [JAE Ex. C]; Pl. RFA No. 12 [JAE Ex. N], Def. Response | Undisputed. |

| | | | | |
|---|---|---|---|---|
| | | People's Republic of China or the Special Administrative Region of Hong Kong, or that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; . . . | to RFA No. 12. [JAE Ex. O] | |
| | 10 | The authorized representative of XLD Group initialed the PRC Certification on its Application Form. | Zhang Dep. 33:16-24, Ex 2 [JAE Ex. E, F];  Pl RFA No. 12 [JAE Ex. N], Def Response to RFA No. 12 [JAE Ex. O] | Undisputed. |
| | 11 | This initialing was done in order to receive the XLD Group Loan | Zhang Dep. p. 34:2-12 [JAE Ex. E]; Pl. RFA No. 12 [JAE Ex. N], Def. Response to RFA No. 12 [JAE Ex. O] | Undisputed. |
| | 12 | XLD Group did receive the $2,000,000 loan as a result of its submission of an Application Form. | Zhang Dep. 34:13-18 [JAE Ex. E]; Complaint ¶ 13 [JAE Ex. B], Answer ¶ 1 [JAE Ex. C] | Undisputed. |

| | | | |
|---|---|---|---|
| 13 | The XLD Group Loan was eventually forgiven. | Zhang Dep. 34:19-21 [JAE Ex. E]; Complaint ¶ 13 [JAE Ex. B], Answer ¶ 1 [JAE Ex. C] | Undisputed. |
| 14 | The authorized representative of XLD Century initialed the PRC Certification on its Application Form | Zhang Dep. 50:25-51:7, Zhang Dep. Ex. 3 [JAE Ex. E, G], Pl RFA No. 12 [JAE Ex. N], Def Response to RFA No. 12 [JAE Ex. O] | Undisputed. |
| 15 | This initialing was done in order to receive the $2,000,000 loan. | Zhang Dep. p. 50:25-51:7; 34:2-12 [JAE Ex. E]; Pl RFA No. 12 [JAE Ex. N], Def Response to RFA No. 12 [JAE Ex. O] | Undisputed. |
| 16 | XLD Century did receive the $2,000,000 loan as a result of its submission of an Application Form. | Zhang Dep. 50:25-51:7, 34:13-18 [JAE Ex. E]; Complaint ¶ 13 [JAE Ex. B]; Answer ¶ 1 [JAE Ex. C] | Undisputed. |
| 17 | The XLD Century Loan was eventually forgiven. | Zhang Dep. 50:25-51:7, 34:19-21 [JAE Ex. E]; Complaint ¶ 13 [JAE Ex. B]; Answer ¶ 1 [JAE Ex. C] | Undisputed. |
| **Background:  Corporate Structure of the Defendants and Their Affiliates** | | | |

| 18 | XLD Group is *substantially* owned by XLD N.A. Real Estate, Inc. | Zhang Dep. 16:7-12, 19:11-22 [JAE Ex. E] | Vague as to "*substantially*." XLD N.A. Real Estate, Inc. owns 95% of XLD Group (Zhang Depo. 16:9-12, Ex. 4) |
|---|---|---|---|
| 19 | XLD N.A. Real Estate, Inc. is *substantially* owned by XLD U.S. Top LLC | Zhang Dep. 16:4-6, 19:11-22 [JAE Ex. E] | Vague as to "*substantially*." XLD U.S. Top LLC owns 100% of XLD N.A. Real Estate, Inc. (Zhang Depo. 16:4-6, 19:11-22, Ex. 4) |
| 20 | XLD U.S. Top LLC is *substantially* owned by an entity known as Sichuan Singlida. | Zhang Dep. 15:23-16:3, 19:11-22. [JAE Ex. E] | Vague as to "*substantially*." Sichuan Singlida owns 100% of XLD U.S. Top LLC (Zhang Depo. 18:24-19:2, 19:11-22, Ex. 4) |
| 21 | Sichuan Singlida is *substantially* owned by an individual named Jun Zhang. | Zhang Dep. 23:6-11 [JAE Ex. E] | Vague as to "*substantially*." Jun Zhang owns the majority of shares in Sichuan Singlida. (Zhang Depo. 23:3-11, Ex. 4) |
| 22 | XLD Century is *substantially* owned by an entity called XLD Investment. | Zhang Dep. 21:3-7 [JAE Ex. E] | Vague as to "*substantially*." XLD Investment, Inc. owns approximately 89% of XLD Century. (Zhang Depo. 21:3-7, Ex. 4) |

| 23 | XLD Investment is *substantially* owned by XLD U.S. Top LLC | Zhang Dep. 21:8-14 [JAE Ex. E] | Vague as to "*substantially*." XLD U.S. Top LLC owns 100% of XLD Investment, Inc. (Zhang Depo. 21:8-14, Ex. 4) |
| --- | --- | --- | --- |
| 24 | The ultimate parent entity of XLD Group is Sichuan Singlida | Zhang Dep. 22:2-14 [JAE Ex. E]; Complaint ¶ 16 [JAE Ex. B], Answer ¶ 1 [JAE Ex. C] | Undisputed, but immaterial in that Defendants do not own, or hold any interest in, Sichuan Singlida |
| 25 | The ultimate parent company of XLD Century is Sichuan Singlida. | Zhang Dep. 22:2-14 [JAE Ex. E]; Complaint ¶ 16 [JAE Ex. B], Answer ¶ 1 [JAE Ex. C] | Undisputed, but immaterial in that Defendants do not own, or hold any interest in, Sichuan Singlida |
| **False Claims Act Element 1: Falsity** | | | |
| 26 | Sichuan Singlida is a Peoples' Republic of China entity which is based in the People's Republic of China. ("PRC") | Zhang Dep. 22:2-14, 14:9-20 [JAE Ex. E]; Complaint ¶ 16 [JAE Ex. B], Answer ¶ 1 [JAE Ex. C] | Undisputed, but immaterial in that Defendants do not own, or hold any interest in, Sichuan Singlida |
| 27 | At all times relevant to this matter, including the time of the XLD Group Loan, XLD Group was ultimately and substantially owned by a PRC company. | Complaint ¶ 16, [JAE Ex. B] Answer ¶ 1 [JAE Ex. C]; Zhang Dep. 80:10-25 [JAE Ex. E] | Undisputed, but immaterial in that Defendants do not own, or hold any interest in, Sichuan Singlida |
| 28 | At all times relevant to this matter, including the time of the XLD Century Loan, XLD Century was ultimately and | Complaint ¶ 16 [JAE Ex. B], Answer ¶ 1 [JAE Ex. C] Zhang Dep. 80:10-25 [JAE Ex. E] | Undisputed, but immaterial in that Defendants do not own, or hold any interest in, Sichuan Singlida |

|   |   |   |   |
|---|---|---|---|
|   | substantially owned by a PRC company. |   |   |
| **False Claims Act Element 2: Scienter** | | | |
| 29 | The authorized representative of XLD Group who completed the Application Form was Jiaqi Zhang ("Ms. Zhang") | Zhang Dep. Ex. 2; Zhang Dep. 5:7-17; Zhang Dep 29:21-30:15; Zhang Dep. 33:1- 34:8 [JAE Ex. E, F] | Undisputed. |
| 30 | The authorized representative of XLD Century who completed the Application Form was Ms. Zhang. | Zhang Dep. Ex. 3 Zhang Dep. 5:7-17; Zhang Dep 29:21-30:15; Zhang Dep. 33:1- 34:8; Zhang Dep. 50:25-51:7 [JAE Ex. E, G] | Undisputed. |
| 31 | Ms. Zhang is Vice President of XLD Group. | Zhang Dep. 8:15-21 [JAE Ex. E] | Undisputed. |
| 32 | Ms. Zhang is Vice President of XLD Century | Zhang Dep. 8:15-21 [JAE Ex. E] | Undisputed. |
| 33 | At the time she completed the Application Form of XLD Group, Ms. Zhang was aware that XLD Group was ultimately owned by a PRC company. | Zhang Dep. 80:10-24; Zhang Dep. 22:2-14 [JAE Ex. E] | Undisputed. |
| 34 | At the time she completed the Application Form of XLD Century, Ms. Zhang was aware that XLD Century was ultimately owned by a PRC company. | Zhang Dep. 80:10-24; Zhang Dep. 22:2-14 [JAE Ex. E] | Undisputed. |

| # | | | |
|---|---|---|---|
| 35 | The Application Form of XLD Group asks the applicant *to identify the applicant's owners.* | Zhang Dep. Ex 2, Zhang Dep. 52:23-53:8 [JAE Ex. E, F] | Disputed as to the precise wording: The form does not ask "*to identify the applicant's owners.*" Rather, it states: "*List all owners of 20 percent of more of the equity of the applicant.*" (Ex 2 to Zhang Depo. Ex. E; Zhang Depo. 52:23-53:8, Ex. 4) |
| 36 | The Application form of XLD Group identifies its owners as two individuals; XLD N.A. Real Estate, Inc.; and Grand Tripod LLC.; *Sichuan Singlida is not identified.* | Zhang Dep. Ex. 2 [JAE Ex. F] | Objection. Compound. Disputed in part as to "*Sichuan Singlida is not identified*" because it is misleading. Sichuan Singlida did not need to be identified as being the 20% or more equity of the applicant because it does not own any percentage of the equity of the applicant |
| 37 | XLD N.A. Real Estate Inc. is a California corporation. | JAE Ex. L. | Undisputed. |
| 38 | Grand Tripod LLC is a California LLC. | JAE Ex. M. | Undisputed. |
| 39 | When asked about *this discrepancy* on the Application Form, Ms. Zhang denied completing | Zhang Dep. 53:6-18, 57:6-58:9; [JAE Ex. E] | Undisputed, but misleading without the omitted parts of Zhang Depo 53:19- |

Joint Appendix of Facts

| | | | |
|---|---|---|---|
| | this part of the Application Form and testified that she did not know where *this information* had come from and speculated that it had somehow been inserted "electronically." | | 57:5, 58:10-59:19. Zhang submitted the answers online and did not have the opportunity to review everything prior to submission and did not know how the information got into a form, such in "four lines." (Zhang Depo. 53:6-57:5, 57:24-59:19, Ex. 4)<br><br>Objection. Vague and ambiguous as to "*this discrepancy*," which appears to imply the issue of Sichuan Singlida not being included as an equity owner.<br><br>Disputed that Zhang was asked about "***this discrepancy***." Zhang was asked about Zhang's own ownership interest in Defendants, not about Sichuan Singlida's. (Zhang Depo. 53:6-18, Ex. 4)<br><br>It is not a discrepancy because Sichuan Singlida is not an equity owner |

| | | | of Defendants. (Zhang Depo. 53:6-18, 56:18-58:19, Ex. 4) |
|---|---|---|---|
| | | | Objection. Vague and ambiguous as to "*this information*," which appears to imply the issue of Sichuan Singlida. "This information" was about Zhang's own ownership interest in Defendants. (Zhang Depo. 53:19-57:5. 58:10-59:19, Ex. 4) |
| 40 | The Application Form of XLD Century asks the applicant *to identify the applicant's owners.* | Zhang Dep. Ex. 3, Zhang Dep. 61:9-62:3 [JAE Ex. E, G] | Disputed as to the precise wording: The form does not ask "*to identify the applicant's owners.*" Rather, it states: "*List all owners of 20 percent of more of the equity of the applicant.*" (Ex 2 to Zhang Depo., Ex. E; Zhang Depo. 52:23-53:8, Ex. 4) |
| 41 | The Application Form of XLD Century incorrectly identifies one individual as an owner. | Zhang Dep. Ex. 3; Zhang Dep. p. 61:9-62:12 [JAE Ex. E, G] | Undisputed, but incomplete in that the one individual is Zhang, who denied having any ownership, denied listing herself an owner and did not |

| | | | |
|---|---|---|---|
| | | | know where that information came from. (Zhang Depo. 62:13-19, Ex. 4) |
| 42 | In connection with the application for the XLD Group Loan, Ms. Zhang had email correspondence with the lending bank. | Zhang Dep 69:8-70:6, Zhang Dep. Ex. 5 [JAE Ex. E, H] | Undisputed. |
| 43 | This email correspondence, among other things, instructed Ms. Zhang to provide information regarding XLD Group as follows:<br><br>If the ownership structure involves multiple layers of corporations, partnerships and/or trust please provide a detailed lineage of the ownership until it arrives at the Beneficial Owners (Individual(s)/ Person(s). | Zhang Dep. Ex. 5. [JAE Ex. H] | Undisputed, but misleading in that the phrase at issue was sandwiched between two requests for personal information of individual owners without any break between the requests and the entire email begins and ends with the requests for personal information for individual owners in 10 size italicized font. (Ex. 5 to Zhang Depo., Ex. H) |
| 44 | In response to the email, Ms. Zhang stated as follows: "Jun Zhang owns 100% of XLD Group N.A. Real Estate Development, Inc" | Zhang Dep. Ex. 5 [JAE Ex. H] | Undisputed. |
| 45 | In response to the bank's email Ms. Zhang identified the U.S. | Zhang Dep. Ex. 5 [JAE Ex. H] | Undisputed, but misleading in that the email sought |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | intermediary owner but not the ultimate PRC parent corporation of XLD Group. |  | personal information relating to "individual." (Ex 5 to Zhang Depo., Ex. H) |
|  | 46 | Initially, Ms. Zhang testified that she had read the instructions contained in the email, however upon being confronted with the language about disclosing a detailed corporate lineage, she became *evasive* and ultimately speculated that she had not read the instructions. | Zhang Dep. 71:11-73:23 [JAE Ex. E] | Undisputed as to Zhang's initial testimony, but disputed as to being "*evasive*." She was not evasive and speculated **only as to** not reading the "entire" e-mail. (Zhang Depo. 73:18-74:4, Ex. 4) |
|  | 47 | Ms. Zhang also testified at deposition that she is confident -- even now -- that the certification language at issue applies to subsidiaries and not parents. | Zhang Dep. 38:13-17 [JAE Ex. E]. | Undisputed, but irrelevant and immaterial in that Zhang's current state of mind is not material. |
|  | **False Claims Act Element 3:  Materiality** | | | |
|  | 48 | According to the SBA and its procedures, an applicant that could not or would not make the PRC certification would not be eligible for the loan. | SBA Aff. ¶ 6-8 [JAE Ex. D]; Zhang Dep. Ex. 2, 3 ("The authorized representative of the Applicant must certify in good faith to all of the below . . . .") [JAE Ex. F, G]; Pl. RFA No. 12 [JAE Ex. N], Def. Response | Undisputed. |

| | | | to RFA No. 12 [JAE Ex. O] | |
|---|---|---|---|---|
| 49 | Defendants were served with an RFA which stated as follows:<br><br>Each Defendant in this matter had to <u>Manifest Assent</u> to a <u>PRC Certification</u> in order to receive the <u>Applicable Disaster Relief.</u> | Pl. RFA [JAE Ex. N] | | Undisputed. |
| 50 | Defendant responded to this RFA as follows:<br><br>See General Objections. Further, compound, vague and ambiguous. Subject to and without waiving these objections, Defendants answer as follows:    Admit that Defendants initialed the applicable boxes prior to receiving the PPP relief funds. | Def. Response to RFA [JAE Ex. O] | | Undisputed. |
| 51 | Defendants were served with an RFA which stated as follows:<br><br>Each Defendant in this matter would not have received the <u>Applicable Disaster Relief</u> had it not <u>Manifested Assent</u> to a <u>PRC Certification.</u> | Pl. RFA [JAE Ex. N] | | Undisputed. |
| 52 | Defendants responded to this RFA as follows: | Def. Response to RFA [JAE Ex. O] | | Undisputed. |

|  |  |  |  |
|---|---|---|---|
|  | See General Objections. Further, vague and ambiguous; calls for speculation on the part of Defendants. Subject to and without waiving these objections, Defendants answer as follows: Admit that Defendants initialed the applicable boxes prior to receiving the PPP relief funds. |  |  |
| 53 | Plaintiff intends to obtain additional discovery which is expected to confirm that there is a clear relationship of materiality and causation between (1) the Defendants' PRC Certifications; and (2) the United States' payment of the disaster relief at issue in this matter. | Abrams Aff. ¶ 16-17 [JAE Ex. A] | Undisputed. |

**False Claims Act Element 4:  Causation**

| 54 | Pursuant to SBA program rules, applicants for second-draw PPP relief were required to complete the Application Form in order to participate in the program | SBA Aff. ¶ 5 [JAE Ex. D]; Zhang Dep. 45:3-8, Zhang Dep. 46:14-18, Zhang Dep. Ex 3, 3 [JAE Ex. E, F, G] | Undisputed. |

**Damages**

| 55 | In the case of a $2,000,000 second-draw PPP loan which is forgiven, the United | SBA Aff. ¶ 3 [JAE Ex. D];  Pl. RFA No. 5 [JAE Ex. N], Def Response to | Undisputed. |

| | | States makes a payment of $2,000,000 to the lending bank. | RFA No. 5 [JAE Ex. O] | |
|---|---|---|---|---|
| | 56 | In addition to such a $2,000,000 payment the SBA would make a small interest payment to the lending bank. | SBA Aff. ¶ 3 [JAE Ex. D] | Undisputed. |
| | 57 | In the case of the XLD Group Loan, the total payment of $2 million plus interest was $2,012,547.95 | XLD Group Loan Forgiveness Letter [JAE Ex. I]. | Undisputed. |
| | 58 | In the case of the XLD Century Loan the total payment of $2 million plus interest was $2,013,808.22 | XLD Century Loan Forgiveness Letter [JAE Ex. J]. | Undisputed. |
| | 59 | In the case of a $2,000,000 second-draw PPP loan which is forgiven, the United States makes an additional payment of $60,000 to the lending bank for processing fees. | SBA Aff. ¶ 4 [JAE Ex. D]; JAE Ex. K. p. 2. | Undisputed. |
| | 60 | The Defendants' Answer does not assert a "voluntary disclosure" defense pursuant to 31 U.S.C. § 3729(b) | Answer [JAE Ex. C] | Disputed. (Answer, 2:9-17, Ex. C) |

**DEFENDANTS' APPENDIX OF FACTS**

| **SUF No.** | **Fact** | **Supporting Evidence** | **Plaintiff's Response** |
|---|---|---|---|
| **FCA Element 1: Falsity** | | | |
| 61. | Defendants were not created in or organized under the | Zhang Declaration, ¶3, Ex. 3; Zhang | Admitted. |

| | | | |
|---|---|---|---|
| | laws of the People's Republic of China or the Special Administrative Region of Hong Kong (collectively "China or Chinese.") | Depo. 35:10-16, Ex. 4. | |
| 62. | Defendants do not operate in China. | Zhang Declaration, ¶4, Ex. 3; Zhang Depo. 80:19-81:10, Ex. 4. | Admitted. |
| 63. | Defendants do not own any Chinese companies. | Zhang Declaration, ¶5 Ex. 3; Zhang Depo. 80:19-81:10, Ex. 4. | Admitted. |
| 64. | Defendants do not own any interest in any Chinese companies. | Zhang Declaration, ¶5, Ex. 3; Zhang Depo. 35:3-16, Ex. 4. | Admitted. |
| **FCA Element 2: Scienter** | | | |
| 65. | Defendants' representative Jiaqui Zhang ("Zhang") understood, at the time she entered her initials on the certification at issue ("Certification") in SBA Form 2483-SD, as making ineligible those companies that "own or hold" interest in a Chinese company. | Zhang Declaration, ¶6, Ex. 3; Zhang Depo. 35:3-16, 38:4-39:3, 42:1-5, Ex. 4. | Disputed. In completing the applications and corresponding with the lending bank, Zhang provided false information which had the effect of concealing the Defendants' PRC ownership.Additionally, Zhang's testimony on this point was evasive and non-credible. Materials in Support of JAF 35-47, namely Zhang Dep. 38:13-17; 52:23-53:18; 57:6-58:9; 61:9-62:12; 69:8-70:6; 71:11-73:23 [JAE Ex E]; Zhang Dep. Exh 2, |

| | | | 3, 5 [JAE Exh F, G, H]; JAE Ex. L, M. |
|---|---|---|---|
| 66. | Zhang read Certification carefully. | Zhang Declaration, ¶6, Ex. 3; Zhang Depo. 34:2-5, Ex. 4. | Admitted. |
| 67. | Zhang entered her initials on Certification truthfully based on Zhang's own reading of Certification and on Defendants not owning or holding any interest in a Chinese company. | Zhang Declaration, ¶6, Ex. 3; Zhang Depo. 35:10-16, 80:19-24, Ex. 4. | Disputed.  Zhang was aware at the time of the certification that the Defendants were PRC-owned.  Materials in Support of JAF 33-34, namely Zhang Dep. 80:10-24; Zhang Dep. 22:2-14 [JAE Ex. E]. Additionally, in connection with the applications Zhang provided false information which had the effect of concealing the Defendants' PRC ownership.  Materials in Support of JAF 35-47, namely Zhang Dep. 38:13-17; 52:23-53:18; 57:6-58:9; 61:9-62:12; 69:8-70:6; 71:11-73:23 [JAE Ex E]; Zhang Dep. Exh 2, 3, 5 [JAE Exh F, G, H]; JAE Ex. L, M. |
| **Public Disclosure Bar** | | | |
| 68. | Facts disclosed in various "news media," in combination, indicate substantially the same allegations | Public disclosures, Ex. 6-26; Pl Response to Interrogatories, Ex. 27; Pl Amended Response to | Disputed. The public disclosure materials, whether considered individually or combined, do not indicate that either |

|   |   |   |   |
|---|---|---|---|
|   | contained in the complaint. | Interrogatories, #8-13, Ex. 5 | specific Defendant was PRC-owned in 2021 which is the relevant time period. Ex. 6-26. |
| 69. | Relator is not the "original source." | 2/12/24 IDC Minutes, Ex. 1. | Admitted. |

                                  /s/ David Abrams

David Abrams, Attorney at Law
Attorney for Plaintiff-Relator
PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@wjlf.org

Dated: __April 1_____, 2024
Delhi, New York


MOON & DORSETT, PC

by:__/s/ Dana Moon / DNA_____

Dana Moon, Esq. (Bar No. 185154)
wk@moondorsett.com
445 S. Figueroa Street, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 380-1526

Dated: __April 1_____ ____, 2024
Los Angeles, CA

David Abrams hereby attests that by email dated April 1, 2024 Defendants' counsel indicated that she concurred in this document and consents to its filing.