Dana Moon, Esq. (Bar No. 185154)
wk@moondorsett.com
MOON & DORSETT, PC
445 S. Figueroa Street, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 380-1526

Attorneys for Defendants
XLD CENTURY LLC; XLD GROUP LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| United States ex rel. GNGH2 Inc., | ) Case No.: 2-22-CV-05514-5B-PVC |
|---|---|
| Plaintiff, | ) DEFENDANTS' MSJ REPLY BRIEF TO RELATOR'S CONTENTIONS RE PUBLIC DISCLOSURE |
| vs. | ) |
| XLD CENTURY LLC and XLD GROUP LLC, | ) Date: May 3, 2024<br>) Time: 8:30 a.m.<br>) Dept: "6C" |
| Defendants. | ) Hon. Stanley Blumenfeld, Jr. |

Defendants XLD CENTURY LLC and XLD GROUP LLC (collectively "Defendants") hereby submit their reply brief to Plaintiff United States ex rel. GNGH2, Inc. ("Relator")'s contentions regarding public disclosure bar, specifically its claim that public disclosure has become "stale" and that any information more than 5 years old should disqualify as "public disclosure."

Relator contends in the Joint Brief that "[e]ssentially all of Defendants' public disclosure have become 'stale' for the purposes of the False Claims Act ("FCA")," erroneously relying on a New York district court ruling on *U.S. ex rel. Kester v. Novartis Pharmaceuticals Corporation* (S.D.N.Y. 2014) 43 F.Supp.3d 332, 353 (Relator miscited this case as 43 F.Supp.**2d** 332, 353).

Not only is Relator's purported reliance on *Kester* misplaced, but it is also, within this case's context, *wholly misleading*. *Kester*'s ruling has little to do with public disclosure becoming "stale" due to the passage of time. Rather, the ruling addressed the state court filings becoming "stale" due to the amendment of FCA to exclude state court filings as sources of public disclosure. Here, there are *no* state court filings that are at issue in this case. Public disclosures do not become stale solely from any passage of time, as Relator contends.[1]

As *Kester* court noted:

> Thus, after the 2010 amendment, a court may consider federal court filings—but not state court filings—when it decides whether "substantially similar" facts were disclosed prior to the bringing of a *qui tam* relator's lawsuit.

(*Kester, supra,* 43 F.Supp.3d at 347.)

> [T]here is a fairly convenient "sell by" date for the information that was disclosed in 2008. On March 23, 2010 (the effective date of the PPACA), the FCA was amended so that state court filings ceased to qualify as sources of "public disclosures." 31 U.S.C. § 3730(e)(4)(A) (2010). It thus makes sense to conclude that, at least by the date of the amendment, the fact of the state court lawsuits had become sufficiently stale so that Caremark secured a "clean slate," as it were,

---

[1] According to counsel to and CEO of Relator David Abrams ("Counsel"), Counsel scoured the entire US case law for any case mentioning the term "stale" in connection with public disclosure, and *Kester* was the only case that mentions the word. Despite a meet and confer involving the discussion of why *Kester* is not dispositive, *Kester* is nevertheless mentioned and relied upon by Relator.

> for purposes of the public disclosure bar; the old accusations against Caremark could no longer be deemed "substantially similar" to any allegations of current misconduct, even if the allegations were similar in every other way.
>
> I thus conclude that Relator's allegations concerning Caremark's conduct between January 2007 and March 2010 are "substantially similar" to the allegations contained in the 2008 public disclosures; his allegations relating to Caremark's conduct after March 2010 are not "substantially similar" to those prior disclosures.

(*Id.* at 353.)

Moreover, Relator has conceded that it relied solely on publicly disclosed information in drafting its complaint, belying its claim that public disclosures have become "stale." Where all information, by Relator's own admission, utilized in drafting its complaint stemmed not from any inside information, but from publicly disclosed and available information, Relator cannot reasonably claim that such information he obtained from publicly available sources on the internet became "stale." It is nonsensical to claim that those materials on which Relator has actually relied for the factual allegations in his complaint have become "stale."

In Relator's 11/21/23 response and 12/28/23 amended response (collectively "Response") to Interrogatory ("Rog") number 8, Relator states that it discovered that "[a]t all time relevant to this matter, the Defendants were wholly owned subsidiaries of Sichuan Xinglida Group Enterprises, which is a PRC real estate investment company based in Sichuan, People's Republic of China," as stated in its complaint (¶ 16, page 4, lines 9-11), "from a review of the website of said Sichuan Xinglida Group Enterprises." Relator further states that "Plaintiff is not contending that its discovery was based on inside information."

In its Response to Rog 9, Relator states that the discovery of Defendants receiving $4 million in "disaster relief as a result of the certifications set forth

above," as stated in its complaint (¶ 24, page 5, lines 6-8), was "based on PPP information provided by the SBA" and that it was not "based on inside information."

In Relator's Response to Rog 10, Relator states it discovered that "Defendant XLD CENTURY LLC is a California limited liability with primary place of business in Los Angeles, California," as stated in its complaint (¶ 2, page 2, lines 2-3) "from a review of the Defendant's filings with the California Secretary of State."

In Relator's Response to Rog 11, Relator states that it "does not recall" how it discovered that "Defendant XLD CENTURY LLC operates the LAX Marriott hotel," as its complaint states. (¶ 2, page 2, lines 3-4.) Relator further states that "Plaintiff is not contending that its discovery was based on inside information."

In Relator's Response to Rog 12, Relator states that Relator states it discovered that "Defendant XLD GROUP LLC is a California limited liability with primary place of business in Los Angeles, California," as stated in its complaint (¶ 3, page 2, lines 5-6) "from a review of the Defendant's filings with the California Secretary of State."

In Relator's Response to Rog 13, Relator states that it "does not recall" how it discovered that "Defendant XLD GROUP operates the LAX Marriott hotel," as its complaint states. (¶ 3, page 2, lines 6-7.) Relator further states that "Plaintiff is not contending that its discovery was based on inside information.

Accordingly, all factual allegations in the complaint against Defendants stem, by Relator's own admission, not from any inside information, but solely from publicly disclosed and available information.

Generally, **information published on the internet has been held to be a public disclosure so long as the websites are readily accessible**. See *U.S. ex rel.*

Defendants' Reply Brief to Relator's Contention Re Public Disclosure Bar

*Green v. Serv. Contract Educ. & Training Trust Fund*, 843 F. Supp. 2d 20, 32-33 (D.D.C. 2012) (("there is no evidence or contention that access to the website was limited to SCETTF or LIUNA members of that the website was in any other way restricted"); *United States ex rel. Repko v. Guthrie Clinic, P.C.*, 2011 WL 3875987, aff'd 2012 WL 3104883(3rd Cir 2012) (material in question disclosed on several different websites including Guidestar, Bloomberg Professional and Standard & Poor's); *United States ex rel. Doe v. Staples, Inc.* CIV. 08-846 RJL, 2013 WL 1192982 (D.D.C. Mar. 22, 2013); *United States ex rel. Unite Here v. Cintas Corp.*, No. C 06-2413 PJH, 2007 WL 4557788, at *14 (N.D.Cal. Dec. 21, 2007.).)

    Accordingly, Relator's complaint is subject to dismissal based on public disclosure bar.

Dated: April 1, 2024                MOON & DORSETT, PC

By: _____/s/_____
    Dana Moon Esq.
Attorneys for Defendants

Defendants' Reply Brief to Relator's Contention Re Public Disclosure Bar