E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS, AUSA
Chief, Civil Division
ROSS M. CUFF, AUSA
Chief, Civil Fraud Section
California State Bar No. 275093
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-7388   Fax: (213) 894-7819
    Email: ross.cuff@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* GNGH2 INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>XLD CENTURY LLC and XLD GROUP LLC,<br><br>    Defendants. | No. 2:22-cv-05514-SB-PVCx<br><br>NOTICE OF THE UNITED STATES OF ITS OPPOSITION TO DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR |

Pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730(e)(4)(A), the United States of America notifies the Court that it is exercising its right to object to dismissal of *qui tam* plaintiff (the "Relator") GNGH2 Inc.'s complaint on the basis of the Public Disclosure Bar.

On April 1, 2024, defendants XLD Century, LLC and XLD Group, LLC (collectively "Defendants") filed a motion for summary judgment arguing, *inter alia*, that Relator's action is barred under the FCA's Public Disclosure Bar. Defendants argue that Relator is not an "original source" of the information in its Complaint and that substantially the same allegations had been publicly disclosed before Relator's Complaint was filed. *See* Dkt. 65-1 at 35-42.

The FCA states in pertinent part:

> The court shall dismiss an action or claim under this section, *unless opposed by the Government*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed-- (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A) (emphasis added). In sum, the statute provides that, if the United States objects, the court may not dismiss the action on the ground of public disclosure. *See, e.g.*, *United States ex rel. Radcliffe v. Purdue Pharma Ltd. P'ship*, 737 F.3d 908, 918 (4th Cir. 2013) (observing that the current public disclosure bar is "a non-jurisdictional defense that is . . . subject to veto by the government").

The United States hereby notifies that Court that it is exercising its right to object to the dismissal of the action on this ground. Accordingly, Defendants' motion to dismiss on the ground of public disclosure bar should be denied.

//
//
//
//

2

1 | The United States takes no position on any other portion of the parties' motions for summary judgment.

Respectfully submitted,

Dated: April 11, 2024

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS, AUSA
Chief, Civil Division

*/s/ Ross M. Cuff*
ROSS M. CUFF
Assistant United States Attorney
Chief, Civil Fraud Section
Attorneys for the United States of America